# Commonwealth of Pennsylvania *v.* Victor Z. Kohler and Marcus B. Unangst, Appellants (No. 1).

*Criminal law—False pretense—Evidence.*

In the trial of an indictment for obtaining a valuable security under false pretense, a verdict of guilty will be sustained, where the evidence on the part of the plaintiff established that the defendants obtained two cashiers' checks from the prosecutor in exchange for a certain mortgage, which he represented to be a first mortgage when in fact it was subsequent in lien to two other mortgages.

Argued December 1, 1924. Appeal, No. 245, Oct. T., 1924, by defendants, from judgment of Q. S. Lehigh Co., Oct. Sessions, 1922, No. 127, on verdict of guilty in case of Commonwealth of Pennsylvania v. Victor Z. Kohler and Marcus B. Unangst. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for false pretense. Before ARIRD, P. J., 37th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points, and refusal of motion in arrest of judgment.

*Dallas Dillinger, Jr.,* for appellants.

*Orrin E. Boyle,* District Attorney, for appellee.

OPINION BY PORTER, J., February 27, 1925:

The defendants were convicted in the court below upon an indictment which charged that they did unlaw-

302 COM. *v.* KOHLER & UNANGST, Appel. (No. 1).

Opinion of the Court. [84 Pa. Superior Ct.

fully etc. "intending to cheat and defraud David Casazza falsely and designedly pretend that a certain mortgage," which the defendants then and there sold and delivered to the said David Casazza was a first mortgage, and by said false representation did obtain from the said Casazza a valuable security, to wit, a check in the sum of $1,500 drawn upon the Allentown Trust Co., of Allentown, Pennsylvania, which check was afterwards paid; whereas in truth and in fact the said mortgage so delivered was not then and there a first mortgage on said premises; and the said defendants well knew the said pretense to be false; and the said defendants did then and there wilfully obtain from the said Casazza the aforesaid valuable security, being then and there the property of the said Casazza, with intent to cheat and defraud the said Casazza out of the value thereof. The third count of the indictment charged the unlawful obtaining by the defendants, by the same false pretense, of a check in the sum of $500, drawn upon the Second National Bank of Allentown, which check was afterwards paid. The defendants, after sentence in the court below, took a joint appeal, but this irregularity being called to the attention of counsel upon the argument, the appeal was discontinued as to the defendant, Unangst, and now stands as the appeal of Kohler alone.

The assignments of error are so irregular that they might be disregarded. We will, however, consider such material questions as they attempt to raise. The checks in question were (1) a check for $1,500 on the Allentown Trust Co., drawn by the treasurer of that institution and payable to the order of Casazza, and (2) a check for $500 on the Second National Bank of Allentown, drawn by the cashier of that bank and payable to the order of Casazza. Casazza endorsed these checks in blank and delivered them to Kohler. These checks, being drawn by the proper officers of the bank and properly endorsed by the payee, were direct obligations of the banks, and were valuable securities within the meaning

COM. *v.* KOHLER & UNANGST, Appel. (No. 1). 303

301, (1925).]          Opinion of the Court.

of the 111th section of the Act of March 31, 1860, P. L. 410. The assignments of error which refer to the testimony of witnesses called by the Commonwealth to prove the endorsement of the checks by Kohler cannot avail this appellant, for the reason that he was called as a witness in his own behalf and testified that he had endorsed the checks and deposited them in his own bank account. The only material fact which was in dispute at the trial was whether the defendant had represented that the mortgage was a first mortgage upon the property involved. The prosecutor testified, and his testimony was corroborated by that of his wife, that he had distinctly told Kohler that he would not buy any other than a first mortgage; that Kohler expressly declared that it was a first mortgage upon the property; that he had himself examined the record and that the prosecutor could rely upon the fact that it was a first mortgage. This allegation the defendant denied, but the verdict of the jury determines that the representation had been made. There was no dispute under the evidence that there were two other mortgages which were prior liens upon the property, amounting to $8,000. The representation was certainly material, and if it was false, the defendant knew it was false. The assignments of error are overruled.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.